# IN THE SUPREME COURT OF THE STATE OF NEVADA

NATHAN MYPHRON WILLIAMS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65986

FILED

MAR 17 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of burglary while in possession of a firearm, robbery, assault with a deadly weapon, and coercion. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant Nathan Williams argues first that the district court erred by denying his motion for a new jury venire, as the venire did not include African Americans and thus was not composed of a fair cross-section of the community. Relying on *Buchanan v. State*, 130 Nev., Adv. Op. 82, 335 P.3d 207 (2014), he contends that he was entitled to an evidentiary hearing to establish that the underrepresentation of African Americans in the jury venire was due to systematic exclusion in the jury-selection process, and it was structural error for the district court to deny the motion without holding an evidentiary hearing. We disagree.

In making his request for a new jury venire, Williams stated only that there were no African Americans in the venire. He did not allege that the underrepresentation of African Americans in that venire was a result of systematic exclusion in the jury-selection process, nor did he request an evidentiary hearing to inquire into the jury-selection process.

16-08588

*See Williams v. State*, 121 Nev. 934, 940, 125 P.3d 627, 631 (2005); *Duren v. Missouri*, 439 U.S. 357, 366 (1979). Thus, he failed to show a prima facie violation of the fair-cross-section requirement. *See Williams*, 121 Nev. at 940, 125 P.3d at 631. Williams' reliance on *Buchanan* is misplaced, as *Buchanan* held only that, if a district court determines that an evidentiary hearing is warranted on a motion to strike a jury venire, the district court must hold the hearing before denying the motion. 130 Nev., Adv. Op. 82, 335 P.3d at 210. Because Williams did not allege sufficient facts to warrant further inquiry, the district court did not err in denying his motion to strike the jury venire without conducting an evidentiary hearing.

Second, Williams argues that the district court violated his constitutional right to a speedy trial. "[T]o trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." *Doggett v. United States*, 505 U.S. 647, 651-52 (1992) (quoting *Barker v. Wingo*, 407 U.S. 514, 530-31 (1972)). Courts have generally found post-accusation delays to be presumptively prejudicial as they approach the one-year mark. *Id.* at 652 n.1. Williams was arraigned on December 26, 2013, at which time he invoked his right to a speedy trial, and his trial began on April 14, 2014.[1] We conclude that Williams has not demonstrated that the 109-day period between his arraignment and his

---

[1]We note that most of the delay was attributable to Williams' conflicts and dissatisfaction with his attorneys and his decision to represent himself.

trial constituted a presumptively prejudicial delay.[2] Therefore, the delay did not trigger a constitutional speedy trial analysis. Accordingly, Williams did not suffer a deprivation of his constitutional right to a speedy trial.

Third, Williams contends that the district court abused its discretion in allowing him to represent himself at trial because his waiver of counsel was not knowingly and intelligently made. Specifically, Williams contends that he chose to represent himself only because he did not feel that his attorneys were effective and because he wanted to raise a speedy trial claim. Williams also argues that he clearly did not have formal legal training, did not know how to subpoena witnesses or pick a jury panel, and did not know the rules of evidence.

"[T]o exercise the right to self-representation, a criminal defendant must knowingly, intelligently, and voluntarily waive the right to counsel." *Hooks v. State*, 124 Nev. 48, 53-54, 176 P.3d 1081, 1084 (2008). A valid waiver of the right to counsel entails the district court apprising "the defendant fully of the risks of self-representation and of the nature of the charged crime so that the defendant's decision is made with a clear comprehension of the attendant risks." *Id.* at 54, 176 P.3d at 1084 (internal quotation marks omitted). Here, the district court conducted a very thorough canvass during which the district court apprised Williams of the dangers of self-representation and specifically pointed out Williams' lack of legal knowledge and experience. Williams indicated that he

---

[2]Even if, as argued by Williams, the delay should be calculated from the date his arraignment was originally scheduled—November 26, 2013—this 139-day period would still not be presumptively prejudicial.

understood the nature of the charges and potential penalties and the risks of representing himself. The record as a whole shows that his decision to waive his right to counsel was knowing, intelligent, and voluntary. *Id.* at 55, 176 P.3d at 1085 (concluding that in reviewing decision to allow self-representation, this court considers district court's canvass and entire record, giving deference to district court's decision). While Williams made repeated statements during the canvass that he wanted to file a motion to dismiss the charges on speedy trial grounds and that he was dissatisfied with his appointed attorneys because they refused to file it, he unequivocally stated that he still wished to represent himself even after the district court indicated to him that such a motion would be frivolous. Williams' contention that he did not have the ability to adequately represent himself has no bearing on whether he knowingly, intelligently, and voluntarily waived his right to counsel. *See Vanisi v. State*, 117 Nev. 330, 341, 22 P.3d 1161, 1172 (2001). Accordingly, we conclude that the district court did not abuse its discretion in this regard.

Finally, Williams argues that cumulative error warrants a new trial. Because he has not demonstrated any error, there are no errors to cumulate. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:   Hon. Michelle Leavitt, District Judge
       Gregory & Waldo
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk